


# AFTAB PUREVAL
# HAMILTON COUNTY CLERK OF COURTS

## COMMON PLEAS DIVISION

**ELECTRONICALLY FILED**
**March 18, 2021 10:10 AM**
**AFTAB PUREVAL**
**Clerk of Courts**
**Hamilton County, Ohio**
**CONFIRMATION 1045813**

**MIKE ALBERT LTD** **A 2100981**

**vs.**

**540 AUTO REPAIR INC**

**FILING TYPE: INITIAL FILING (IN COUNTY) WITH NO JURY DEMAND**

**PAGES FILED: 28**

EFR200



**IN THE COURT OF COMMON PLEAS**
**HAMILTON COUNTY, OHIO**

**MIKE ALBERT LTD.**
10340 Evendale Drive
Cincinnati, Ohio 45241,
Plaintiff,

vs. Case No.: ______________________

**540 AUTO REPAIR, INC.**
9000 Ogden Ave.
Brookfield, IL 60513
**Serve Agent:** ZOILA M ABUKATAB
4301 W MONTROSE AVE
CHICAGO, IL 60641

and

**ABDUL ABUKATAB**
5831 W 126th Street
Alsip, IL 60803
Defendants.

## COMPLAINT

Comes now the Plaintiff, by and through counsel, and for its Complaint states as follows:

1. The Plaintiff, Mike Albert Ltd., states that it is and at all times mentioned herein was a Delaware Statutory Trust, duly authorized to transact business within the State of Ohio and with its principal place of business located at the address set forth in the above caption.

2. The Defendant, 540 Auto Repair, Inc. ("540"), is an Illinois Corporation, with its principal place of business located at the address set forth in the caption above.

3. The Defendant, Abdul Abukatab ("Abdul"), is, upon information and belief, a resident of the state of Illinois, with his permanent address as set forth in the caption above.

4. The Defendant, 540, did voluntarily enter into an Open-End Commercial Motor Vehicle Master Lease Agreement on or about June 11, 2018 (the "Lease") with the Plaintiff, at

Plaintiff's principal place of business in Cincinnati, Ohio. (See lease agreement attached hereto as Exhibit A).

5. The terms (monthly amount, duration, capitalized cost, book value, etc.) were specified on a Schedule "A" for each of the forty-two vehicles leased, and the Lease and Schedule "A" for each vehicle encompass the agreement between the parties for the lease of any and all motor vehicles (the "agreement"). These copies of the Schedule A for each are too voluminous to attach hereto but will be provided by Plaintiff upon reasonable request.

COUNT ONE

6. The Plaintiff restates the allegations set forth in numerical paragraphs 1-5 as if completely rewritten here.

7. The Defendant has failed to make the monthly payments as set forth in Section 2A of the parties Lease and elsewhere in the parties' agreement and more specifically currently owe the Plaintiff for most or all monthly payments due since December, 2019.

8. The Defendant materially breached the aforementioned agreement by failing to make the monthly lease and other associated payments when due and by failing to otherwise comply with the express terms of the agreement.

9. That the Defendant currently owes the Plaintiff the sum of $388,874.68 for lease payments, title fees, administrative costs and expenses and finance charges pursuant to the lease agreement, plus any and all damages to the motor vehicles, excess mileage charges and any and all other fees and charges yet to be quantified per the parties agreement, plus prejudgment and post judgment interest at the rate of 1.5% per month per Section 2E of the Lease, all late fees it is entitled to, and a reasonable amount for attorney's fees pursuant to the agreement. (See spreadsheet showing amounts due attached hereto as Exhibit B).

10. That the above referenced charges are fair and reasonable and that demand for payment has been made and refused.

COUNT TWO

11. The Plaintiff restates the allegations set forth in numerical paragraphs 6-10 as if completely rewritten here.

12. The Defendants maintain possession and/or control of five vehicles that are subject to the lease agreement. (See spreadsheet identifying each vehicle attached hereto as Exhibit C).

13. The five vehicles more fully described on attached Exhibit C were acquired by Mike Albert Ltd. via purchase from Abdul Abukatab and/or 540 Auto Repair, Inc. as a PLB (purchase lease-back) per the Defendants' request, however title has not been transferred to Plaintiff for four of the vehicles.

14. Of the five vehicles, Unit 989302, a 2016 Toyota Camry Hybrid, VIN 4T1BD1FK9GU186583 having a current fair market value of $12,500.00, was repossessed by the Plaintiff but a third party has, upon information and belief, purchased the vehicle from 540 and therefore the Defendant(s) has created a title issue regarding same.

15. Of the five vehicles, unit 99054, a 2016 Toyota Camry Hybrid, VIN 4T1BD1FK7GU198540 having a current fair market value of $12,500.00 was, upon information and belief, sold to a third party who retains possession of same, therefore the Defendant(s) has created a title issue regarding same.

16. Of the five vehicles, unit 1009009, a 2017 Ford Fusion VIN 3FA6P0LU5HR171915 having a current fair market value of $11,000.00 cannot be located and

Defendant Abdul has informed Plaintiff that he sold Plaintiff a 2013 Toyota Camry Hybrid, VIN 4T1BD1FK3DU064247, instead of the Fusion referenced above, therefore creating a title issue.

17. Of the five vehicles, unit 1009007, a 2015 Toyota Prius VIN JTDKN3DU7F1904973 having a current fair market value of $11,000.00is in Plaintiff's possession and Defendant Abdul has informed Plaintiff that he sold Plaintiff a 2013 Toyota Camry Hybrid, VIN JTDKN3DUXC1499378, instead of the 2015 Prius referenced above, therefore creating a title issue.

18. Of the five vehicles, unit 1009008, a 2017 Ford Fusion Hybrid VIN 3FA6P0LU6HR300731 having a current fair market value of $11,000.00 was delivered to Plaintiff and investigation has provided information that said vehicle was since exported to the country of Jordan in September, 2018, therefore creating a title issue.

19. That the failure to transfer title to the vehicles was a breach of the parties' agreement.

20. That the value of the five vehicles yet to be turned in and/or otherwise delivered to Plaintiff equals $58,000.00 and Defendants' breach of the parties' agreement has damaged Plaintiff in said amount.

COUNT THREE

21. The Plaintiff restates the allegations set forth in numerical paragraphs 11-20 as if completely rewritten here.

22. That the Plaintiff has demanded the immediate return of the vehicles from the Defendants and the titles to those yet to be delivered, pursuant to the terms of the purchase agreements and lease but has been denied same and the vehicles and/or titles thereto are being retained by Defendants despite their knowledge of the terms of the agreements and the request

for their return and said Defendants are wrongfully exerting ownership and control over the above described vehicles.

23. That the Defendants owe the Plaintiff the immediate return of the motor vehicles identified herein, and if not returned, the sum of $58,000.00 representing the fair market value of all 5 vehicles referenced herein.

24. That the above referenced charges are fair and reasonable and that demand for payment has been made and refused.

COUNT FOUR

25. The Plaintiff restates the allegations set forth in numerical paragraphs 21-24 as if completely rewritten here.

26. At all times mentioned herein, Defendant Abdul Abukatab was, upon information and belief, the Business Operations Manager and sole owner of Defendant 540 Auto Repair, Inc. and used that company as an alter ego for his personal actions as alleged herein.

27. Defendant Abdul exercised complete dominion and control over Defendant 540 including but not limited to the formation, management, operation and communications related to the company and its contracts, including but not limited to the one with Plaintiff Mike Albert, Ltd.

28. Defendant Abdul used Defendant 540 to further the fraudulent scheme(s) alleged herein relative to the transfer of the title to the motor vehicles mentioned here and the lease of the motor vehicles set forth herein.

29. Defendant Abdul's actions in using Defendant 540 as a corporate alter ego for himself was an illegal, unethical and otherwise unlawful use of corporate entity designed to shield his personal assets from the liability for the actions alleged herein in this complaint.

30. This Court has jurisdiction and venue over the parties hereto and the subject matter as it involves a company located within Hamilton County, Ohio, the agreement was deemed made in Ohio (per the express provisions of the Lease) and the parties agreed in the body of the Lease to the jurisdiction of the Hamilton County Common Pleas Court (Section 10.E. of the Lease) for the resolution of any disputes between the parties.

**WHEREFORE,** the Plaintiff hereby demands judgment against the Defendant, 540 Auto Repair, Inc. and Abdul Abukatab, jointly and severally, in the amount of $388,874.68 on Count One of the Complaint and in the amount of $58,000.00 on Counts Two and Three of the Complaint, and for the imposition of liability on Defendant Abdul personally for any of the damages awarded under any of the First through Third counts of this Complaint, plus any and all other fees and charges yet to be quantified per the parties agreement and prejudgment and post judgment interest at the rate of 1.5% per month per Section 2E of the Lease, all late fees it is entitled to and a reasonable amount for attorney's fees pursuant to the agreement and where permitted by law, and any and all other relief to which it may be entitled.

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Respectfully submitted,

Edward C. Lanter, #0065162
LANTER & ASSOCIATES, LLC
5752 Cheviot Rd., Suite A
Cincinnati, OH 45247
(513) 385-8668
(513) 385-8690 FAX
Attorney for Plaintiff
sueme@fuse.net